UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>ARVIND SRINIVASAN,<br>Defendant. | Case No. 6:26-mj-00024-HBK<br>ORDER DENYING REQUEST FOR AN EVIDENTIARY HEARING |

Defendant Arvind Srinivasan requests an evidentiary hearing on his motion to suppress. (Doc. 13). The motion is fully briefed. (Docs. 13, 16, 18). For the reasons below, the Court denies the request.

I. LEGAL STANDARD

"An evidentiary hearing on a motion to suppress ordinarily is required if the moving papers are sufficiently definite, specific, detailed, and nonconjectural to enable the court to conclude that contested issues of fact going to the validity of the search are in issue." *United States v. Walczak*, 783 F.2d 852, 857 (9th Cir. 1986) (per curiam) (citation omitted). Whether to hold a hearing rests within the court's reasoned discretion. *Id.* A hearing is required only when the moving papers identify contested facts with sufficient definiteness, clarity, and specificity. *United States v. Howell*, 231 F.3d 615, 620 (9th Cir. 2000).

////

## II. DISCUSSION

Defendant identifies three purported inconsistencies between Ranger Fitzgerald's written reports and his conversation with Ranger Emley, as recorded on body camera footage. (Doc. 13 at 2, 4). None presents a material factual dispute requiring hearing.

### A. The Vehicle's Movement

Defendant contends that Ranger Fitzgerald's statement to Ranger Emley that the BMW had crossed the fog line several times conflicts with his more detailed written account of the vehicle's movements in his report. (Doc. 13 at 4:8-12).

The brief oral account does not contradict the written account merely because it omits additional observations. Ranger Fitzgerald's probable cause statement in support of the criminal complaint, incident report, and initial conversation with Defendant at the passenger-side window reference the pullout and contact with the center line. His omission of those details during a brief conversation with Ranger Emley before the field sobriety tests does not present a competing account of the stop.

Read in context, the identified statements do not establish a material factual conflict requiring a credibility determination. An evidentiary hearing is therefore unnecessary. *See Howell*, 231 F.3d at 620; *Walczak*, 783 F.2d at 857.

### B. The Jose Cuervo Bottle

Defendant next contends that Ranger Fitzgerald described the Jose Cuervo bottle as "empty" when speaking to Ranger Emley but described the same bottle as "mostly consumed" in his report. (Doc. 13 at 4:1-3).[1] The footage does not support Defendant's characterization. The rangers discussed the contents of three bottles recovered from the BMW, not what Ranger Fitzgerald had observed before the search.

Read in context, the statement are not inconsistent. The report describes Officer Fitzgerald's observation as he approached the passenger-side door; the later conversation concerns the bottles recovered during the search. The recovery of an empty bottle does not,

[1] Citations to Document 13 refer to CM/ECF pagination because the motion contains two pages numbered "2." (See Doc. 13 at 2–3.)

without more, contradict his description of a bottle as "mostly consumed" before the search. (*See* Doc. 13-1 at 2).

To the extent Defendant contends that Ranger Fitzgerald could not have seen the liquid in the bottle from his position, that conclusory assertion does not warrant a hearing. "A simple desire to cross-examine agents that a movant has accused of being untruthful does not itself create grounds for an evidentiary hearing" *United States v. Keller*, 142 F.4th 645, 655 (9th Cir. 2025) (citing *Franks v. Delaware*, 438 U.S. 154, 171 (1978)).

B. The Odor of Alcohol

Finally, Defendant contrasts Ranger Fitzgerald's statements that he "wasn't entirely sure" whether he smelled alcohol while searching Defendant with his report that he "briefly smelled" alcohol. (Doc. 13 at 7:17-22).

The Court need not reconcile these statements because the asserted discrepancy is not material to the justification advanced for the vehicle search. It is undisputed that Ranger Fitzgerald did not smell alcohol during his initial contact with Defendant at the passenger door when he announced his intent to search the BMW before the encounter during which he may have detected that odor. Whether he later smelled alcohol on Defendant therefore does not resolve a contested fact bearing on the asserted basis for the vehicle search. *Walczak*, 783 F.2d at 857.

Accordingly, IT IS ORDERED:

1. Defendant's request for an evidentiary hearing is DENIED.
2. The evidentiary hearing scheduled for October 21, 2026, is VACATED.
3. The Court will decide the motion to suppress on the existing record.

Dated: October 20, 2026

Helena M. Barch-Kuchta

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE